IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BORDER STATES INDUSTRIES, INC. ) | |
| ) | Case No. 20-CV-00787 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Honorable Harry D. Leinenweber |
| NEPTUN LIGHT, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S OBJECTION TO REIMBURSEMENT OF PLAINTIFF'S
ATTORNEY FEES FOR THE JULY 27 SETTLEMENT CONFERENCE**

Defendant Neptun Light, Inc. ("Neptun"), by and through its attorney, Adam M. Altman, states the following objection to the Court's August 21, 2021 order (Dkt. No. 52) regarding attorney fees that Plaintiff, Border States, Inc. ("Border States") incurred related to the July 27, 2021 settlement conference:

On July 27, 2021, the parties participated in a settlement conference before the Honorable Young B. Kim. Neptun's president and founder, Andrew Bobel, participated in the conference on the company's behalf. The parties did not reach a settlement agreement, and Magistrate Kim questioned whether Neptun had participated in good faith; he ordered Neptun to submit a written statement explaining why an award of attorney's fees to Border States was not appropriate. Neptun filed its position paper on August 10, and Border States responded one week later. Dkt. Nos. 48 and 49. On August 21, the Court ordered Neptun to pay $3,668 to Border States, to compensate it for the attorney's fees that it incurred related to the settlement conference. Dkt. No. 52. The Court gave Neptun until September 8 to pay the sanction amount to Border States.

1

Neptun objects to the August 21 order because it is not proportional to Neptun's conduct and to the alleged harm that Border States suffered. First, Neptun continues to dispute that it ever acted in bad faith. Mr. Bobel attended the July 27 conference and made a settlement offer, which he based on several factors, not the least of which was Neptun's financial condition and business outlook. Mr. Bobel was candid with the Court and fully explained his reasoning. Neptun did not, in any way, act vindictively or willfully in bad faith.

In addition, Neptun does not currently have the financial capability to immediately pay Border States the sum of $3,668. Like many other small companies throughout the United States, the COVID-19 pandemic has devastated Neptun's business. The company continues its operations, and Mr. Bobel is doing everything that he can to keep it afloat. Despite those ongoing efforts, the company is not on solid financial footing. Hence, if this Court were to agree with the August 21 order, and find that Neptun did act in bad faith, it should stay any award of attorney's fees until after the Court fully disposes of all underlying legal issues. As it stands now, the August 21 order imposes a sanction that Neptun cannot satisfy; the order allowed Neptun just 18 calendar days to come up with $3,668, which is unreasonable. Finally, if the Court were to uphold the August 21 order, it would risk having a chilling effect on settlement conference participation among litigants in future cases. This would run counter to the spirit of the Federal Rules of Civil Procedure, which seek to promote cooperation between the parties, as well as efficient disposition of federal litigation.

WHEREFORE, Defendant respectfully requests that this Court overrule the August 21 order regarding the award of Plaintiff's attorney's fees related to the July 27 settlement conference.

Dated: September 7, 2021                                    Respectfully submitted,

                                                            */s/ Adam M. Altman*

Adam M. Altman, Ltd.
Attorney No. 6310938
1000 S. Clark St., #1707
Chicago, Illinois 60605
(773) 426-6373
adam.altman@amalawltd.com

## **CERTIFICATE OF SERVICE**

I, Adam M. Altman, certify that on September 7, 2021, I filed the foregoing *Defendant's Objection to Reimbursement of Plaintiff's Attorney Fees for the July 27 Settlement Conference*, using the Court's CM/ECF system, whereby all counsel of record were served.

*/s/ Adam M. Altman*